UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JODI I. MATTHEWS,<br>ZACHARY MATTHEWS,<br>VEDA RAMEY, and<br>JERRY RAMEY,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　vs.<br><br>ATLAS COLLECTIONS, INC., and<br>JAMES E. MILLIKAN,<br><br>　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)　　3:16-cv-00033-RLY-MPB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ENTRY ON PLAINTIFFS' MOTION TO REMAND**

On February 26, 2016, Plaintiffs, Jodi I. Matthews, Zachary Matthews, Veda Ramey, and Jerry Ramey, filed a Class Action Complaint against the Defendants, Atlas Collections, Inc. and James E. Millikan, alleging, *inter alia*, various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, in the Henry Circuit Court. On March 21, 2016, Atlas timely removed the action to this court based on federal question jurisdiction. Plaintiffs now move to remand due to defects in the Notice of Removal. For the reasons explained below, the court **GRANTS** the motion to remand.

**I.　Facts**

The facts of this case are undisputed. On March 3, 2016, Defendants were served by certified mail. On March 21, 2016, within thirty days of service, Atlas filed its Notice of Removal, stating:

1

> The undersigned counsel for Atlas herein represents to this Court that he has notified counsel for Defendant James E. Millikan regarding this Notice of Removal and counsel for the Defendant James E. Millikan agrees to and consents to the removal of the action pending in the Circuit Court of Henry County, Indiana, to this Court.

(Filing No. 1, Notice of Removal ¶ 2). Millikan did not sign or otherwise join in the Notice of Removal; however, on March 22—the day after the Notice of Removal was filed—Millikan's attorneys filed their appearances and a motion for extension of time to respond to Plaintiffs' Complaint. (Filing Nos. 6-8, Appearances and Motion for Extension of Time).

On April 29, 2016, after Plaintiffs filed the present motion to remand, one of Millikan's attorneys, Dina M. Cox, filed a declaration stating that her client gave his consent to removal and that she "explicitly requested that [Atlas's counsel] state in his notice of removal that Mr. Millikan consents to removal." (*See* Filing No. 17-1, Declaration of Dina M. Cox ¶ 5).

**II.   Discussion**

Plaintiffs argue that removal was defective and could not be cured because Millikan did not join in or consent to removal within thirty days.

A notice of removal must be filed within thirty days of receipt of the summons and complaint. 28 U.S.C. § 1446(b)(1). All defendants must join in or consent to the removal within the statutory thirty-day period. 28 U.S.C. § 1446(b)(2)(A). "A petition for removal fails unless all defendants join it. To 'join' a motion is to support it in writing." *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994), abrogated on other grounds by *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 346 (1999);

*see also Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997) ("[A]ll served defendants [must] support the petition in writing, i.e., sign it."). The Seventh Circuit strictly enforces the thirty-day requirement of timely written consent. *Prod. Stamping Corp. v. Maryland Cas. Co.*, 829 F. Supp. 1074, 1076 ("[T]he time limitation is mandatory and must be strictly construed."); *Boruff v. Transervice, Inc.*, No. 2:10-cv-322 JD, 2011 U.S. Dist. LEXIS 35159 (N.D. Ind. March 30, 2011) ("[T]he Seventh Circuit applies the requirement of timely written consent strictly") (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993)). Thus, "the mere assertion in a removal petition that all defendants consent to removal fails to constitute a sufficient joinder." *Prod. Stamping*, 829 F. Supp. at 1076.

Here, Millikan did not join in Atlas's removal in writing. The question presented is whether Millikan unequivocally expressed his consent to remove within the thirty-day time frame. In support of Millikan's position, his attorney, Ms. Cox, filed a petition saying that she not only orally agreed to removal, but also manifested consent to removal by filing (1) an appearance in federal court, and (2) a notice of automatic extension of time to file an answer.

The *Production Stamping* court addressed a nearly identical issue, and found that "a mere filing of an answer does not constitute a significant expression of consent." *Id.* at 1077. The court reasoned:

> The law is clear that the expression of consent must be unambiguous and the filing of an answer, without more, is ambiguous. As an example, because the time for filing an answer (20 days) expires before the deadline for unanimous consent (30 days), the filing of an answer may be no more than a careful lawyer's decision to avoid the risk of default. Other inferences,

3

therefore, are as reasonable as the inference that Northbrook's answer implies consent. Because competing, reasonable inferences exist, the mere filing of an answer is hardly a clear, unambiguous expression of consent.

*Id.* Similarly here, counsel's filing of an appearance and a notice of an automatic extension of time is insufficient to establish unequivocal consent to removal. And although Ms. Cox's declaration does express Millikan's consent to removal, it was filed past the thirty-day statutory deadline. Because defects in the removal procedure may only be cured within the statutory thirty-day time period, the court must remand this case to the Henry Circuit Court. This issue is dispositive; therefore, all other arguments[1] advanced by Plaintiffs need not be discussed.

### III. Conclusion

The court finds that Millikan did not join in or consent to removal within the statutory thirty-day time period. Therefore, the court **GRANTS** the Plaintiffs' Motion to Remand (Filing No. 12). The Clerk is directed to remand this case to the Henry Circuit Court.

**SO ORDERED** this 4th day of August 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

---

[1] Plaintiffs also argued that Atlas filed the Notice of Removal in the wrong district court and that Atlas failed to file all process, pleadings, and orders served upon the Defendants in state court pursuant to 28 U.S.C. § 1446(a).

4